JOHN M. FRANCIS et al., Respondent, *v.* THE CITY OF TROY, Appellant.

Where, in a municipal charter special provision different from the ordinary course of city advertising, is made for a particular class of advertisements, and a particular officer is designated to cause them to be published and provision is made for the expense, they are withdrawn from the general power of the common council over city advertising.

The provision of the charter of the city of Troy (§ 13, title 5, chap. 129, Laws of 1872) making it the duty of the chamberlain to cause to be published in two daily papers a list of the real estate on which city taxes and assessments remain unpaid, and a notice of sale, etc., was intended to cover the whole subject of such advertisement; no duty of advertising in the cases specified is imposed upon the common council, and they are unauthorized to incur any expense for that purpose.

Plaintiffs were the publishers of a daily newspaper in the city of Troy, which was designated by the common council as one of the four official papers. The common council passed an ordinance that all advertisements and official notices emanating from the chamberlain should be published in all the official papers. The chamberlain caused said list to be published in two daily papers, but not in plaintiffs. Plaintiffs, however, published it. In an action to recover for such publication, *held,* that the city was not liable.

*Francis* v. *City of Troy* (10 Hun, 515), reversed.

(Argued June 12, 1878; decided September 17, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, in favor of plaintiffs, entered upon a submission under section 372 of the old Code. (Reported below, 10 Hun, 515.)

The facts submitted were, in substance, these : Plaintiffs are publishers of the Troy Daily Times, a newspaper published daily in the city of Troy. The common council of said city, in March, 1876, designated by ordinance said paper as one of the four official papers of the city as required by the city charter (§ 3, title 2, chap. 129, Laws of 1872, as amended by chap. 813, Laws of 1873). On the 4th May, 1876, the said common council passed this resolution, "Resolved, That all the advertisements and official notices emanating from the chamberlain and other heads of city depart-

ments, be published in all the official papers of the city." On the 1st day of May, 1876, the chamberlain of said city caused to be published in two daily newspapers, viz., the Troy Daily Press and the Troy Morning Whig, a list or statement of the real estate on which the city taxes and assessments remain unpaid, in accordance, as he claimed, with section 13 of title 5 of the city charter, and in the form and manner therein prescribed. Such publication was continued for six weeks successively, and thereupon the chamberlain proceeded to sell such lands as directed by said charter. The said chamberlain did not authorize or direct the publication of said list or statement in the Troy Daily Times, nor in any other paper except the Press and the Whig as aforesaid. The plaintiffs, however, did publish the said list and statement in their newspaper the requisite number of times, commencing on the 1st day of May, 1876, and the expense of said publication, at the maximum statutory rates, amounted to the sum of $266.25. The plaintiffs afterwards presented to the city authorities a bill for such advertising for the amount aforesaid, and payment was refused by the city government.

*R. A. Parmenter*, for appellant. As the statute conferred upon the chamberlain the power and duty of designating newspapers to publish notices of tax sales it should be construed as excluding all other officers or departments of the city from discharging such duty. (Laws 1872, chap. 129; Laws 1873, chap. 813; *Lyon* v. *Jerome*, 26 Wend., 485; Smith's Com., 713, § 581; *Gamble* v. *Vil. of Watkins*, 14 Sup. Ct., 448; *Sillocks* v. *Mayor, etc.*, 18 id., 431.) The common council had no authority to ratify an unauthorized and illegal act. (*Hodges* v. *City of Buffalo*, 2 Den., 110.)

*Gilbert Robertson*, for respondents. Plaintiffs were authorized by the common council to do the work in question. (Charter, title 2, § 3, p. 56; Laws 1866, chap. 321, p. 744; *People* v. *Flagg*, 17 N. Y., 584–587.) The common coun-

cil had power to authorize the work in question to be done. (Charter, title 5, § 3, p. 95; id., title 3, § 1, p. 71; id., § 5, p. 73; *Rogers* v. *Jones*, 1 Wend., 237–261.)

Rapallo, J. I think that section 13 of title 5 of the charter of the city of Troy, is intended to cover the whole subject of advertising notices of the sale of lands for taxes. The duty of causing these notices to be published is imposed exclusively on the chamberlain; the number of papers in which they are to be published is limited to two. These must be daily papers, and they are to be selected by the chamberlain, and not the common council, and they need not be papers appointed by the common council to do the city advertising. The expense of the advertising thus authorized to be caused by the chamberlain is to be added to the tax and is a charge upon the land sold. By these provisions the expense is limited, and the city relieved from bearing any part of it, by throwing it all on the delinquent taxpayers.

No duty of advertising in such cases is imposed upon the common council, and it is obvious that any expense incurred by them for that purpose would be entirely superfluous, and at variance with the policy of section 13. When it is provided expressly that these notices shall be published by the chamberlain, it cannot be implied that it was intended that they should also be published by the common council. And when the number of papers is limited to less than the number which the common council is empowered to employ for city advertising, and the expense is specially provided for, it cannot be supposed that it was intended that they should also be published in the larger number of papers without any provision for expense, but at the charge of the city, and the taxpayers who are not delinquent be thus made to pay for the delinquency of the others a larger expense than is charged upon them. The papers selected by the chamberlain may include none of those designated by the common council, and if the plaintiffs' claim is sustained these notices of tax sales may be published in six papers, while all other

city advertisements can be published only in four. I think the intent of section 13 was not thus to enlarge the expense, but was to restrict it, and that where special provision different from the ordinary course of city advertising is thus made for a particular class of advertisements, and a particular officer is designated to cause them to be published and provision is made for the expense, they are withdrawn from the general power of the common council over city advertising.

The judgment should be reversed and judgment rendered for the defendant, with costs.

All concur, except MILLER and EARL, JJ., absent.

Judgment reversed.